Good morning. Dennis Carroll appearing on behalf of Brenda Wilbur, and I will be making argument on behalf of all the four co-defendants this morning. I'd like to reserve two minutes for rebuttal. Sure. That clock up there is counting down. Okay. The district court erred when it denied Wilbur's motion to withdraw their plea agreements. When the Wilburs pled guilty, it was their understanding that they had reserved for appeal their core due process argument. And that argument was that this court's prior decision in United States v. Baker does not control their case because of the added layer of complexity imposed by the cigarette tax compact between the state and the tribe. And for this reason, the statute was not an appropriate vehicle for criminal prosecution or the alternative that there would be a heightened mens rea applied. That was their understanding. And there's no dispute. The government agrees that that was everybody's understanding. And they had good reason to believe that. They were told that by their attorneys. They were told that by the district court judge who took their plea. In fact, during the plea, there was a colloquy between the U.S. attorney and the district court judge clarifying that very aspect of the plea agreement. Well, just go to the Ninth Circuit's opinion in this case. It sure looks like the due process argument was raised and considered, a little oblique in places, but it was presented to the court. I would suggest that it's not oblique in places. In fact, the district or the prior panel's opinion is clear that they misread the plea agreement. And I recognize that it's a bit odd. So what makes you suggest that they misread the plea agreement? Well, if you look at the due process section, there's three paragraphs. The Wilbers were allowed to raise the issue, to appeal the district court's ruling, correct? Correct. They preserved that. They briefed it. Yes, they did. They did, didn't they? They did, indeed. When I looked at the briefs, it looks like they did. And the court recognized it. The court recognized that there was They addressed it, maybe not as clearly and as precisely as you would like, but they did. Well, they addressed it, but the basis of their holding was in the second paragraph. The first paragraph of that section sets up the argument and then concludes, nonetheless, we're going to reject your argument. And then they go on to explain why they're rejecting the argument. And in that second paragraph, the court is very explicit. They're not oblique. They're not vague. This language isn't unfortunate. They say the defendants agreed in their plea agreements that the mens rea set forth in Baker Controls and that this offense is a general intent crime. That's a mistake. We can't ignore that language. And then in the third paragraph, the concluding sentence, wrapping up their analysis on the due process issue, the court stated, indeed, far from arguing that the presumption in Baker does not apply to them, the defendants acknowledge this presumption in their plea agreements. There's no getting around that language. This second paragraph that you refer to, it says, Second, we have already rejected a due process challenge based on the complexity of the interaction between the CCTA and Washington's taxation and regulation of cigarettes. I mean, the way they're rejecting the argument. And then they go on to say, yes, it's true that the cigarette tax compacts makes it more complicated, as we've pointed out, as will be pointed out in our decision. But you guys agreed that Baker Controls. That's exactly what they said. Defendants agreed in their plea agreement that the mens rea set forth in Baker Controls and the offense is a general intent crime. And it would be nice to ignore that language and kind of read around it, but it's pretty blunt and it's fairly straightforward. So it's not a matter of they didn't articulate it well or it wasn't an issue where it's not well written, or I think the government refers to it as unfortunate language. It's very straightforward. The panel misread the plea agreement. And, frankly, looking back at the plea agreement, it's not very artfully written. There was some discussion about the plea agreement. So if it's not artfully written, then why would you want to hold the Ninth Circuit accountable for the fact that there was an ambiguity in the plea agreement? Because the plea was not voluntary. Because there's no dispute that the Wilbers, they're not lawyers, they went in with the understanding. They were represented by counsel. And their counsel told them that they preserved their core due process argument, that the tax contract distinguished this case from Baker, and Baker does not apply. They were told that by their lawyers. They were told that by the plea court that took their plea, and that was clarified during plea colloquy with the U.S. attorney. And, again, the government does not dispute that that was the intent of the parties. They do not dispute that that was everybody's understanding. And the prior panel just made a mistake. And this Court has the only issue before it is the motion to withdraw the plea. And because the plea was not voluntary, it should be withdrawn. Let me ask you one more question to follow up Judge Pottis' questioning. Even Judge Rawlinson, in her dissent, addresses the fact that the due process argument was, in fact, considered, right? Judge Rawlinson's dissent does not engage in any analysis of the due process argument. Judge Rawlinson simply says, and I agree that the Court properly rejected the due process argument. Without any further analysis of the issues, Judge Rawlinson's dissent focuses primarily on the statute of limitations issues. So I just assume that Judge Rawlinson was under the same misapprehension about the nature of the plea agreement that defendants agreed that Baker controls. And there's simply no other way to read that opinion without coming to that conclusion, unless you just skate over or skip over that language. Well, if you're right, if your legal position is that you can enter a conditional plea and on reserving an issue to be decided, and then if you don't like what the appellate court says, you can say, well, they didn't get it right, and now I get to withdraw my plea. Now, why isn't that? No. If the Court said that, yes, the cigarette tax compact makes this much more complicated, and, however, we're going to abide by our decision in Baker, and it's still not so complicated that a heightened mens rea applies, if the Court squarely addressed that issue, we wouldn't be here. So it's not a matter of we disagree with the legal analysis. It's a matter of the Court misread the plea agreement and misconstrued the record. It's unfortunate, but that's what happened. They assumed and they stated that we agreed that Baker controls the outcome of the due process analysis and that the mens rea announced in Baker controls this case. And that's an important issue for my client in particular. Okay. So you made this argument to the district court, and the district court said what? When we withdrew our plea, the district court basically adopted the government's position, that if you kind of, it's unfortunate language in the plea or in the Ninth Circuit opinion. However, if you read it as a whole, it looks like they addressed our argument, and I think the district court was just wrong on that. You have to ignore the plain language of the Ninth Circuit opinion to reach that conclusion. Refresh my recollection. Was there a motion for rehearing? There was. Was there a motion for hearing en banc? Yes, there was. Okay. And I think an important fact about that is in that motion for rehearing, the Wilbers said you got this wrong, but if you abide by your decision, then we're going to have to move to withdraw our plea because the plea was not knowing and voluntary. And so we flagged that issue on our motion for rehearing. The government argues that the fact that the motion was denied is proof that the court fully considered the issue. And first of all, I don't think anything can be read into that denial. There's no explanation for why they denied it. You could just as well argue that the court was recognizing that, yeah, maybe you can withdraw your plea when you get back to district court. But this issue was raised immediately when the district court. But what's the closest authority that you have that this renders a plea unknowing and involuntary if the appellate court misunderstands the issue that was reserved? I frankly couldn't find authority for it. There is case law from this circuit that describes the rule of law, the issues regarding issue preclusion and law of the case doctrine, and that it's not a wooden doctrine. It's not inflexible. And the court can change an opinion or change an analysis in the interest of justice in circumstances when it would be fair. And in this case it would be fair because the Wilbers went in with a plea with a certain understanding, and they didn't get what they bargained for. Okay. You're still a little over your time, but I'll give you a minute for rebuttal. Let's hear from the government. Good morning, Your Honors. Tate London on behalf of the United States. This appeal is based on a demonstrably false premise. The Wilbers contend that this court in the earlier appeal refused to address their due process arguments on the merits or mistakenly determined that the Wilbers had somehow waived these arguments. This is an 18-page opinion. Well, a lot of it, you know, the due process part is only. And there's five places. There's only three paragraphs. Yes. And in five places before the heading due process, the court signposts. It says that it's rejecting the due process argument, that it's considering the same due process argument raised before the district court. Suppose we had goofed. Suppose we did say the issue that was reserved is X, and it's precluded by such and such a case. And, in fact, the issue that was reserved was Y. What's the consequence of that? Do you agree that that would render the plea involuntary and unknowing? I don't agree with the premise that the panel goofed. No, no, no. I'm just asking you. Let's assume that the panel did goof. No, I think that there was a bargain here. There was a bargain, a conditional plea, a bargain that was made with the government, the government obliged by the terms and obligations of the plea agreement. The defendants, they raised, they briefed the issues. I mean, you've read the briefing. It's voluminous. They briefed these issues as they saw fit. At the time of the plea, this was a knowing and voluntary plea. And whether we read the record correctly or incorrectly, there, that was their point. They bargained for the opportunity for appellate review. They got appellate review, and the appellate review that they received was on the merits. And they got a second bite at the apple and a third bite at the apple. Your Honors raised the issue of the motion for re-hearing and re-hearing in bonk. What can you read into that? You can read into that that the issue was flagged, that the previous panel, if they truly made a mistake, they had the opportunity to reach back and take that case and say, you know what, we made a mistake. And as I read the Wilbur opinion and I read the due process language, they've reached this on the merits. They address Baker, and they decide that, you know what, there is complexity with the compact when you add that in to the facts and circumstances here, but it's not sufficient to overturn Baker and create a specific intent offense where this is general intent. And Your Honors also raised the issue of the concurring opinion of Judge Rawlinson. The first line of that opinion, she writes, I agree that there was no violation of the defendant's due process rights when the government indicted and prosecuted the defendants for violations of the CCTA, citing Baker. Judge Rawlinson agreed. We are not going to overturn Baker on these facts. Well, you know, my little comment at the outset was in reference to the court statement which counsel has pointed out where the panel opinion says defendants agreed in their plea agreements that the mens rea set forth in Baker controls for the CCTA and the offense of traffic and contraband cigarettes is a general intent crime, which suggests that the panel thinks that they may have waived any real challenge. I think that this opinion would have been written entirely differently if the panel was adopting a waiver disposition. Much of this analysis would be unnecessary. You could reduce this whole section on due process down to a waiver argument. There's no references to waiver, no synonyms. Right. Correct. And then the paragraph, the second paragraph, the next paragraph, Second, we have already rejected the due process challenge based on the complexity, which sounds like they're going to the merits of the argument and it's just out. And I would agree. I think that they reached the merits there and they were done. I mean, there's certainly language that gives the Wilbers the opportunity to make the arguments that they are today, but when you read that in the context of all of the briefing, of this opinion, of the separate opinion, of the denial of the motion for rehearing, that the court can reach but one conclusion, and that is that the district court, well, rather, that the prior panel reached this issue on the merits and the district court correctly determined that there was no basis for the Wilbers to withdraw their plea. Unless the court has questions as to the other issues, then I'll rely on the briefing. Okay. Thank you, Your Honors. Thank you. One minute on the clock. Thank you, Your Honor. I would have one important point. The government argues that the court determined that despite the added complexity of the tax compact, Baker still controls. And I would point the court to that third paragraph in the due process section where the court said, although Baker did not involve ACTC, a tax compact, which adds significant complexity and uncertainty to this case, the Wilbers made no argument concerning why Baker's presumption of knowledge of cigarette taxing requirements for large-scale retailers should not apply to them or how they had overcome this presumption. And that's just simply not true. That is the core due process issue that we reserved in the conditional plea. And then the court goes on to say, indeed, far from arguing that the presumption does not apply to them, they acknowledge this presumption in the plea agreement. And that was not the purpose of that language regarding Baker in the plea agreement. Okay. Thank you. We appreciate counsel's argument on this case. It's submitted at this time.
judges: Benitez, Schroeder, Paez